FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ May 08, 2023 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. _____        3:23-cv-233-DJH

| | |
|---|---|
| JACOB GLENN BLANKENSHIP, as an individual,<br><br>Plaintiff,<br><br>- against -<br><br>LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, KENTUCKY;<br>ELLIOTT YOUNG, in his individual capacity and acting as a Trooper/officer for the Kentucky State Police,<br><br>Defendants. | **PLAINTIFF'S COMPLAINT**<br><br>Jacob Glenn Blankenship<br>1425 Taitwood Road<br>Dayton, Ohio 45459<br>(513) 716-7586<br>E-Mail:<br>blankenshipjacob@gmail.com<br><br>**DEMAND FOR JURY TRIAL**<br><br>CIVIL RIGHTS ACTION<br>TITLE 42 U.S.C. § 1983<br><br>DECLARATORY RELIEF,<br>INJUNCTIVE RELIEF AND<br>DAMAGES |

**PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, JACOB GLENN BLANKENSHIP, as an individual (hereinafter "Plaintiff"), and as his cause of action against Defendants herein, avers as follows:

**INTRODUCTION**

1.    Plaintiff brings this action seeking declaratory and injunctive relief and damages to redress deprivations by Defendants, LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, KENTUCKY (hereinafter "City"), and ELLIOTT YOUNG (hereinafter "YOUNG"), in his individual capacity and acting as a Trooper/officer for the Kentucky State Police, (hereinafter in certain context "Defendants") acting under color of state law, of

Plaintiff's Complaint – Page 1

certain rights secured to Plaintiff and others as alleged herein under the United States Constitution.

2.      This action challenges the City's Code, Chapter 100: Parades and Public Assemblies (hereinafter "Code") as applied to Plaintiff.

3.      This action challenges the arrest of Plaintiff by YOUNG.

4.      On May 7, 2022, YOUNG arrested Plaintiff pursuant to the Code based upon the policies, practices, and customs (hereinafter "Policy") approved by the City for interpreting, enforcing, and applying the Code.

## PARTIES

5.      Plaintiff, JACOB GLENN BLANKENSHIP, is an adult citizen and resident of Ohio and brings this action in his personal capacity.

6.      Defendant, LOUISVILLE-JEFFERSON COUNTY METRO GOVERNMENT, KENTUCKY ("City"), is a body politic and corporate located within the State of Kentucky. The City has the right, power, privilege, and authority to adopt and enforce the Code and Policy and other regulations and to do and perform all of the acts pertaining to its local affairs.

7.      Defendant, ELLIOTT YOUNG, was at all relevant times employed by the Kentucky State Police. YOUNG enforced the Code and Policy under color of state law and is sued in his individual capacity.

## JURISDICTION AND VENUE

8.      Plaintiff brings this action seeking declaratory and injunctive relief, nominal and/or compensatory damages to redress deprivations by Defendants, acting under color of state law, of certain rights secured to the Plaintiff and others as alleged herein under the United States Constitution and Kentucky law, as brought pursuant to Title 42 U.S.C. § 1983.

9.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

10.     Jurisdiction is also conferred on this Court by Title 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

11.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1343(a)(4), as this civil action seeks to recover damages and equitable relief under an Act of Congress providing for the protection of civil rights.

12.     This Court has supplemental subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

13.     This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202 (1988), implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Preliminary and Permanent Injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

14.     This Court is authorized to grant Plaintiff's prayer for relief and to award Plaintiff's costs in this action for violations of Plaintiff's constitutional and civil rights, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 28 U.S.C. § 1920, and Fed. R. Civ. P. 54.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside and/or do business in the Western District of Kentucky and may be found and served in the Western District of Kentucky.

16.     Venue is proper in the Western District of Kentucky as all of the events giving rise to the claims herein occurred in this District.

## FACTS

17.     Plaintiff is an individual acting to spread awareness of his views regarding religious, political, and social topics.

18.     Among Plaintiff's purposes is the belief in a mandate to exercise his rights to freedom of speech and association to further his religious, political, and social beliefs.

19.     Plaintiff brings this action to vindicate and protect his own rights to Freedom of Speech and Free Exercise of Religion, as well as those of citizens and members of the public desiring to engage in activities similar to Plaintiff's activities in the City by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

20.     The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the City (hereinafter "Public Spaces") are traditional public I, including, but not limited to, the non-ticketed areas of public streets and sidewalks outside Churchill Downs.

21.     Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

22.     Plaintiff, citizens, and members of the public utilize the Public Spaces within the City for various activities, including communication and the exchange of ideas.

## Plaintiff's Planned Activities

23.     Plaintiff has shared his religious, political, and social speech with people in the City.

24.     Plaintiff's message is one of hope and salvation that Christianity offers.

25.     Plaintiff has not harassed, encouraged violence, or expressed himself in any way other than in a peaceful manner.

26.     Plaintiff desires to continue his peaceful activities without being incarcerated.

27.     Plaintiff shares his faith in various ways.

28.     Plaintiff distributes free literature and carries portable signs.

29.     Plaintiff records public events for commentary and distribution.

30.     Plaintiff engages others in respectful, one-on-one discussions about Jesus Christ and the Christian faith.

31.     Plaintiff has a religious mandate to go to Public Spaces in the City.

32.     On upcoming days, including but not limited to days in May 2024, May 2025, and May 2026, Plaintiff has concrete plans to engage in his constitutionally protected activities by peacefully expressing religious, political, and social speech within the City's Public Spaces, including, but not limited to, at the same location and non-ticketed Public Spaces where the Code and Policy was enforced against him on May 7, 2022.

33.     As a direct and proximate result of Defendants' prior enforcement of the City's Code and Policy, Plaintiff is forfeiting his constitutionally protected activities due to fear of arrest and incarceration and fines.

### The City's Code

34.     The City adopted the Code.

35.     The Code defines "public assembly" in § 100.01: "Any meeting, picket line, rally, or gathering of more than 25 persons for a common purpose as a result of prior planning which interferes with the normal flow or regulation of pedestrian or vehicular traffic, including

emergency vehicles, upon or within any public area within Jefferson County. For purposes of this chapter, a community fair shall not be deemed to be a public assembly."

36.     The Code provides, in relevant part, in § 100.02: "No person shall participate or take part in, promote, organize, form, hold or assist in organizing any parade or public assembly within Jefferson County unless a permit has been obtained from the Licensing and Permit Division designee."

37.     The Code provides the required procedure for obtaining a public assembly permit.

38.     In 2022, Churchill Downs Racetrack, LLC (hereinafter "Churchill Downs") applied for a permit pursuant to the Code for an event to be conducted in May 2022.

39.     In April 2022, the City issued a permit to Churchill Downs Racetrack, LLC, pursuant to the Code.

40.     Pursuant to the Code and Policy, the City creates a permitting scheme purportedly allowing private entities to convert traditional pubIfora into non-puI fora.

41.     Pursuant to the Code and Policy, in 2022 the City created a permitting scheme purportedly allowing Churchill Downs to exclude any individual from traditionalIblic fora for any reason, even merely if Churchhill Downs did not want an individual to be on non-ticketed public streets and sidewalks.

42.     Pursuant to the Code and Policy, in 2022 the City created a permitting scheme purportedly allowing Churchill Downs to impose a "buffer zone" over non-ticketed public streets and sidewalks that are traditIl public fora.

43.     Pursuant to the Code and Policy, in May 2022 Churchill Downs excluded individuals from the non-ticketed public streets and sidewalks surrounding the racetrack.

44.     Pursuant to the Code and Policy, in May 2022 Churchill Downs excluded from the non-ticketed public streets and sidewalks surrounding the racetrack individuals that it does not want in the vicinity.

45.     Pursuant to the Code and Policy, in May 2022 the City's officers, employees, and agents, as well as state law enforcement officers, enforced the decision of Churchill Downs to exclude individuals from the non-ticketed public streets and sidewalks surrounding the racetrack.

### May 7, 2022, Enforcement of the Code and Policy

46.     On May 7, 2022, the Kentucky Derby took place at Churchill Downs.

47.     On May 7, 2022, Plaintiff was exercising his constitutional rights to freedom of speech and free exercise of religion by peacefully sharing his message outside Churchill Downs.

48.     On May 7, 2022, Plaintiff was located on Central Avenue between 3rd Street and 4th Street.

49.     On May 7, 2022, the public sidewalks and public streets where Plaintiff was located were non-ticketed and open to the public.

50.     On May 7, 2022, at the time Plaintiff was arrested, he was located on a City public sidewalk.

51.     On May 7, 2022, at the time Plaintiff was arrested, he was located on a City public sidewalk open to pedestrians.

52.     On May 7, 2022, at the time Plaintiff was arrested, he was he was located in an area that was non-ticketed.

53.     On May 7, 2022, at the time Plaintiff was arrested, he was sharing his message by displaying signs and flags.

54.     On May 7, 2022, at the time Plaintiff was arrested, he was sharing his message by distributing literature.

55.     On May 7, 2022, at the time Plaintiff was arrested, he was sharing his message by engaging in one-on-one conversations.

56.     On May 7, 2022, while Plaintiff was peacefully sharing his message, several uniformed Troopers/officers of the State Police, including YOUNG, approached, told Plaintiff that he had been warned that he could not be there, and immediately placed him under arrest.

57.     On May 7, 2022, Plaintiff was never given any warning prior to his arrest.

58.     On May 7, 2022, YOUNG arrested Plaintiff for criminal trespass.

59.     On May 7, 2022, the arrest narrative for Plaintiff stated that YOUNG arrested Plaintiff for "CRIMINAL TRESPASSING-3rd DEGREE."

60.     On May 7, 2022, the arrest narrative for Plaintiff stated that YOUNG arrested Plaintiff while Plaintiff was located at "Central Ave."

61.     On May 7, 2022, the arrest narrative for Plaintiff stated: "On 5/7/2022, the above was remaining unlawfully upon premises of Churchill Downs. The above was instructed to leave by security as well as Churchill Downs staff. The above was given an opportunity to leave but refused to do so."

62.     On May 7, 2022, the arrest narrative for Plaintiff stated it was witnessed by Major M. Johnson and Trooper C. Wright.

63.     On May 7, 2022, Plaintiff was placed in handcuffs.

64.     On May 7, 2022, after YOUNG arrested Plaintiff, Plaintiff was placed in the back of a law enforcement vehicle, where he remained for approximately five minutes.

65.     On May 7, 2022, Plaintiff was transferred from the first law enforcement vehicle to a second law enforcement vehicle, where he remained for approximately one hour.

66.     On May 7, 2022, the second law enforcement vehicle in which Plaintiff was detained was windowless and was completely dark.

67.     Plaintiff is a 100% disabled combat veteran of the United States Army.

68.     Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") as a result of his combat service.

69.     The detention of Plaintiff in a windowless, completely dark vehicle for one hour was a severely traumatic experience for Plaintiff as a result of his PTSD.

70.     On May 7, 2022, Plaintiff was transferred to a third law enforcement vehicle which transported Plaintiff to the Louisville Metro Department of Corrections.

71.     On May 7, 2022, upon arrival at the Louisville Metro Department of Corrections, Plaintiff was subjected to a humiliating, degrading, and personally invasive body search.

72.     On May 7, 2022, Plaintiff was incarcerated in the Louisville Metro Department of Corrections for approximately ten hours.

73.     On July 26, 2022, the charge against Plaintiff was dismissed without trial.

### Plaintiff's Attempts to Avoid Litigation

74.     On March 22, 2023, Plaintiff's counsel sent a letter to the Mayor of the City to avoid litigation and reach an amicable resolution of the issues on May 7, 2022.

75.     Plaintiff's counsel never received a response to the March 22, 2023, letter.

## <u>GENERAL ALLEGATIONS</u>

76.     As a direct and proximate result of Defendants' prior enforcement of the Code and Policy, Plaintiff is forfeiting his constitutionally protected activities due to fear of arrest, incarceration, and fines.

77.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff was unconstitutionally denied the right to freedom of speech.

78.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff was unconstitutionally denied the right to the free exercise of his religion.

79.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff was arrested and incarcerated.

80.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff was publicly humiliated.

81.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff was publicly embarrassed.

82.     As a direct and proximate result Defendants' enforcement of the Code and Policy on May 7, 2022, Plaintiff suffered severe trauma, as a result of his PTSD.

83.     Defendants' enforcement of the Code and Policy and the City's officers', agents', and employees', and state law enforcement Troopers/officers' actions, under color of state law, on May 7, 2022, have deprived, and continue to deprive, Plaintiff of his constitutional rights.

84.     As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, and the City's officers', agents', and employees', and state law

enforcement Troopers/officers' actions, under color of state law, Plaintiff fears future arrest and incarceration when exercising his constitutional rights.

85.    As a direct and proximate result of Defendants' enforcement of the Code and Policy on May 7, 2022, and the City's officers', agents', and employees', and state law enforcement Troopers/officers' actions, under color of state law, Plaintiff is uncertain and unsure of his ability to exercise his constitutional rights.

86.    Plaintiff has been damaged by the deprivation of his rights guaranteed by the United States Constitution.

87.    As interpreted and enforced by Defendants, the Code and Policy prohibit Plaintiff's manner of expressing his constitutional rights.

88.    As interpreted and enforced by Defendants, Plaintiff is subject to the provisions of the Code and Policy.

89.    Plaintiff is uncertain whether he will be arrested and incarcerated in the future while attempting to exercise his constitutional rights in non-ticketed Public Spaces within the City.

90.    The threat of future arrests and incarceration is both great and immediate.

91.    Based upon the prior enforcement actions, there is a credible threat that Plaintiff will be arrested or threatened with arrest in the future while attempting to exercise his constitutional rights within the City, including, but not limited to, at the same location where the Code and Policy was enforced against Plaintiff on May 7, 2022.

92.    The future impingement of Plaintiff's rights is an absolute certainty unless and until this Court grants the injunctive relief requested herein.

93.     Defendants have discouraged Plaintiff's constitutional rights to the point that Plaintiff fears arrest and incarceration while exercising his constitutional and civil rights.

94.     Plaintiff wishes to continue exercising his constitutional rights and has specific and concrete intentions to continue engaging in the exercise of his constitutional rights, including activities prohibited by the Code and Policy, as interpreted and enforced by Defendants, but he is fearful of being arrested and incarcerated for exercising his constitutional and civil rights.

95.     The violations of Plaintiff's constitutional rights alleged herein have caused, and will continue to cause, Plaintiff to suffer extreme hardship, both actual and impending, irreparable injury, and damage.

96.     Plaintiff currently suffers from the denial of rights guaranteed by the United States Constitution because of Defendants' actions taken under color of law.

97.     There is a substantial likelihood that Plaintiff will prevail on the merits in this case because Defendants' enforcement of the Code and Policy and Defendants' actions under color of state law constitute an abridgement of Plaintiff's constitutional rights.

98.     The harm to Plaintiff outweighs any subjective harm to Defendants.

99.     The public interest is benefited when constitutional and civil rights are protected by the Courts.

100.     Defendants' enforcement of the Code and Policy, and the City's customs, policies, practices, and actions under color of state law, deprived Plaintiff of his right to freedom of speech and the free exercise of religion protected by the United States Constitution.

101.     Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution.

102.    As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiff suffered the loss of Plaintiff's freedom of speech and free exercise of religion protected by the United States Constitution.

103.    Defendants' actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscious disregard of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution.

104.    Defendants' enforcement of the Policy, and the City's customs and practices, enforced under color of state law, are the moving force behind the violation of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution.

105.    Defendants' enforcement of the Code and Policy, and the City's customs and practices, enforced under color of state law, operate to unconstitutionally limit, ban, and censor Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution.

106.    Defendant City had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees, and state law enforcement Troopers/officers so as to prevent the constitutional violations, as alleged herein.

107.    Defendant City failed to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees, and state law enforcement Troopers/officers so as to prevent the constitutional violations, as alleged herein.

108.    Defendant City's actions and omissions regarding the failure to adequately train its officers, agents, and employees, and state law enforcement Troopers/officers so as to prevent

the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff's

rights to freedom of speech and the free exercise of religion protected by the United States

Constitution.

109.    Plaintiff has satisfied all conditions precedent to bringing this action.

110.    Plaintiff is entitled to recover reasonable attorneys' fees and costs from

Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of

Civil Procedure, and 28 U.S.C. § 1920.

### AS AND FOR A FIRST CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AND POLICY AS APPLIED AGAINST DEFENDANTS CITY AND YOUNG

### THE CODE AND POLICY APPLIED BY DEFENDANTS' ACTIONS VIOLATE THE FREEDOM OF SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

111.    The averments of paragraphs 1-110 are repeated and alleged in full force and

effect as if repeated in their entirety herein.

112.    The First Amendment to the United States Constitution, applied to the States

through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of

speech.

113.    As interpreted and enforced by Defendants, the Code and Policy prohibits

Plaintiff's manner of freedom of speech.

114.    YOUNG'S actions were performed under color of state law in that he claimed to

be performing an official duty, but his acts were outside the limits of lawful authority and

abusive in manner, and he further acted in a way that misused his power, and was able to do so

only because of his position as a State official.

115.    Defendants' actions were taken with malice or reckless indifference to Plaintiff's rights to freedom of speech.

116.    As applied, the Code and Policy unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because it:

a.    allows for the exercise of unbridled discretion; and,

b.    lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.    bars the free speech of Plaintiff and possibly other citizens in a traditional public forum.

117.    The Code and Policy as applied impede Plaintiff's right to freedom of speech because it denies Plaintiff's right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

118.    Defendants' enforcement, actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the City's interests, thereby allowing Defendants' agents and employees, and state law enforcement Troopers/officers to unconstitutionally restrict and prohibit Plaintiff's rights, and those of the general public, to engage in freedom of speech activities otherwise protected by the First Amendment.

119.    As applied, the Code and Policy prohibit Plaintiff's manner of freedom of speech.

120.    Plaintiff was deprived of his rights under the First Amendment to engage in freedom of speech activities prohibited by the Code and Policy as applied.

121.    Plaintiff has been, and continues to be, deprived of his rights under the First Amendment to engage in freedom of speech.

122.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AND POLICY AS APPLIED AGAINST DEFENDANTS CITY AND YOUNG

### THE CODE AND POLICY APPLIED BY DEFENDANTS' ACTIONS VIOLATE THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

123.    The averments of paragraphs 1-110 are repeated and alleged in full force and effect as if repeated in their entirety herein.

124.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the free exercise of religion.

125.    Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Code and Policy, as interpreted and enforced by Defendants.

126.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

127. As interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Code and Policy.

128. YOUNG's actions were performed under color of state law in that he claimed to be performing an official duty, but his acts were outside the limits of lawful authority and abusive in manner, and he further acted in a way that misused his power, and was able to do so only because of his position as a State official.

129. Defendants' actions were done with malice or reckless indifference to Plaintiff's rights to the free exercise of religion.

130. Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

131. By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's non-ticketed Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested and incarcerated, Defendants have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and the exercise of his religion.

132. As applied, the Code and Policy unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because it:

a. allows for the exercise of unbridled discretion; and,

b. lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c. bars the free exercise of religion of Plaintiff and possibly other citizens in a traditional public forum.

133.    The Code and Policy as applied impede Plaintiff's rights to the free exercise of religion because it denies Plaintiff's rights to the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

134.    Defendants' enforcement, actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the City's interests, thereby allowing Defendants' agents and employees to unconstitutionally restrict and prohibit Plaintiff's rights, and those of the general public, to engage in free exercise of religion activities otherwise protected by the First Amendment.

135.    As applied, the Code and Policy prohibit Plaintiff's manner of free exercise of religion.

136.    Plaintiff was deprived of his right under the First Amendment to engage in free exercise of religion activities prohibited by the Code and Policy as applied.

137.    Plaintiff has been, and continues to be, deprived of his rights under the First Amendment to engage in the free exercise of religion.

138.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION:

## FALSE ARREST AGAINST DEFENDANT YOUNG

139.    The averments of paragraphs 1-110 are repeated and alleged in full force and effect as if repeated in their entirety herein.

140.    On May 7, 2022, YOUNG arrested Plaintiff for third degree criminal trespass pursuant to Ky. Rev. Stat. § 511.080.

141.    Section 511.080(1) of the Ky. Rev. Stat. provides: "A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises."

142.    On May 7, 2022, at the time YOUNG arrested Plaintiff, Plaintiff was lawfully upon non-ticketed public streets and sidewalks that were open to the public.

143.    On May 7, 2022, the arrest narrative for Plaintiff stated that YOUNG arrested Plaintiff while Plaintiff was located at "Central Ave."

144.    Central Ave., the location stated by YOUNG was the "Exact Location" Plaintiff was arrested, is a public street with adjacent public sidewalks.

145.    Central Ave. is a traditional public forum.

146.    On May 7, 2022, at the location where YOUNG arrested Plaintiff on Central Ave., the area was a non-ticketed public area open the public.

147.    On May 7, 2022, at the location where YOUNG arrested Plaintiff on Central Ave., the area was obviously not a ticketed area, but was instead obviously being traversed by the general public in an area open the public.

148.    On May 7, 2022, at the location where YOUNG arrested Plaintiff on Central Ave., YOUNG could visually survey the area and clearly understand the area was a non-ticketed public area open the public.

149.    YOUNG knew or should have known that at the location where YOUNG arrested Plaintiff on Central Ave., the area was a non-ticketed public area open the public.

150.    YOUNG knew or should have known that he should not have proceeded to arrest Plaintiff on Central Ave., because the area was a non-ticketed public area open the public.

151.    YOUNG knew or should have been trained that he should not have proceeded to arrest Plaintiff at the location where YOUNG arrested Plaintiff on Central Ave., because the area was a non-ticketed public area open the public.

152.    A reasonable Trooper/officer in YOUNG's position would have known that at the location where YOUNG arrested Plaintiff on Central Ave., the area was a non-ticketed public area open the public.

153.    A reasonable Trooper/officer in YOUNG's position would have known that Plaintiff could not be arrested for criminal trespass at the location where YOUNG arrested Plaintiff on Central Ave., because the area was a non-ticketed public area open the public.

154.    A reasonable Trooper/officer in YOUNG's position would have known that Plaintiff could not be arrested pursuant to Section 511.080(1) of the Ky. Rev. Stat. at the location where YOUNG arrested Plaintiff on Central Ave., because the area was a non-ticketed public area open the public.

155.    YOUNG lacked probable cause to arrest Plaintiff for third degree criminal trespass pursuant to § 511.080.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

### AS AND FOR A FOURTH CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AND POLICY AS APPLIED AGAINST DEFENDANTS CITY AND YOUNG

### THE CODE AND POLICY APPLIED BY DEFENDANTS' ACTIONS VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

156.    The averments of paragraphs 1-110 are repeated and alleged in full force and effect as if repeated in their entirety herein.

157.    Defendants' Code and Policy and the policies and practices of granting a private party power over speech on public property; granting a permit that authorizes control over public streets and sidewalks; and, resultantly banning expression on public streets and sidewalks during events at Churchill Downs, are vague and lack sufficient objective standards to curtail the discretion of city officials and police officers and state law enforcement Troopers/officers. This gives Defendants opportunity to enforce speech restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

158.    Defendants have no compelling or legitimate reason that can justify their vague policies and practices.

159.    The policies and practices, and Defendants' enforcement thereof, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

Plaintiff's Complaint – Page 21

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

## AS TO COUNT I:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing the Code and Policy in the manner Defendants enforced it against Plaintiff on May 7, 2022; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of the Code and Policy; and,

5.      That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of the Code and Policy against Plaintiff on May 7, 2022, violated Plaintiff's rights to freedom of speech; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City and Defendant YOUNG; and,

8.      That this Court grant Plaintiff prejudgment and post-judgment interest; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and proper.

**<u>AS TO COUNT II:</u>**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing the Code and Policy in the manner Defendants enforced it against Plaintiff on May 7, 2022; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of the Code and Policy; and,

5.      That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of the Code and Policy against Plaintiff on May 7, 2022, violated Plaintiff's rights to the free exercise of religion; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City and Defendant YOUNG; and,

8.      That this Court grant Plaintiff prejudgment and post-judgment interest; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and proper.

**<u>AS TO COUNT III:</u>**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant Young; and,

3.      That this Court grant Plaintiff prejudgment and post-judgment interest; and,

4.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

5.      That this Court grant Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT IV:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing the Code and Policy and the policies and practices in the manner Defendants enforced it against Plaintiff on May 7, 2022; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of the Code and Policy; and,

5.      That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of the Code and Policy against Plaintiff on May 7, 2022, violated Plaintiff's rights to the due process of law; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City and Defendant YOUNG; and,

8.      That this Court grant Plaintiff prejudgment and post-judgment interest; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.    That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, or other applicable law; and,

11.    That this Court grant Plaintiff such other and further relief as may be just and proper.

Dated:  May 8, 2023.

/s/ Jacob Glenn Blankenship
1425 Taitwood Road
Dayton, Ohio 45459
(513) 716-7586
E-Mail: blankenshipjacob@gmail.com